HENRY WARREN LANCEY, RESPONDENT, v. JOSIAH G. CLARK, APPELLANT.

*Declarations of third person — when admissible — Accommodation paper.*

This action was brought by the plaintiff upon a promissory note, made by the defendant for the accommodation of Lambert & Lincoln, by whom the same was discounted, and the proceeds thereof received. Upon the last day of grace, Lincoln, one of the firm, acting, as he claimed, as the agent of the plaintiff, and with money furnished by him, purchased the note, and caused the same to be protested. Upon the trial the defendant offered to prove declarations of Lincoln, showing that he knew the note was given for the accommodation of the firm, and that he had promised the defendant to pay the same at maturity, which evidence was excluded by the referee. *Held*, that its exclusion was error; that it was material as a part of the controversy, and in determining the credibility of Lincoln.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought upon a promissory note made by the defendant to the order of one Frederick Lambert, which was indorsed by him, and by the firm of Lambert & Lincoln, of which he was a member. The note was discounted, and the proceeds received by the firm. On the last day of grace, Lincoln, one of the firm of Lambert & Lincoln, called at the bank and paid the note, telling the clerk that he wished to hold the maker and the indorser thereof. Upon the trial Lincoln claimed that in purchasing the note, he was acting as the agent of the plaintiff, and with his money. The defendant offered to prove that Lincoln knew the note was given for the accommodation of the firm, and that before its maturity he ·promised the·defendant that he would pay the same. Upon the objection of the plaintiff this evidence was excluded.

*Cassedy & Brown*, for the appellant.

*Thomas H. Hubbard*, for the respondent.

BARNARD, P. J. :

We think the referee erred in excluding testimony going to show that George S. Lincoln, one of the firm of Lambert & Lincoln,

knew that the note in question was lent by defendant to that firm for their accommodation, and that he, Lincoln, promised Clark to pay it at maturity. It is true that Lincoln was not a party to this action, and, as a general rule, conversations between parties, other than parties to the record, are inadmissible. It is also true, that the evidence offered was of a date anterior to the alleged connection of plaintiff with the note. The issue, however, to be tried, was, whether the note was paid by Lincoln. Clark had lent the firm the note, and had delivered it to Lambert. It was discounted, and the firm received the proceeds. Lincoln gave his check for the note at maturity, and did not state to the bank where he paid it, that he wanted to purchase it for any other person, but that he wished to hold the other indorsers. He denies, upon this trial, that he knew the note was loaned to the firm, and says he bought the note for plaintiff. It was a material fact, in determining the truth of a transaction which rests so much upon the testimony of Lincoln, whether he was to pay the note by agreement with Clark and his copartner Lincoln. He procured, he says, plaintiff to buy the note; he says he wrote plaintiff that the note was good, and yet that he wanted plaintiff to send money to take it up. If the additional fact were proven, that Lincoln agreed to pay the note himself at maturity, the referee may have found that the transaction was a different one from what he has found it to be. We think it was material, as a part of the controversy, and in determining the credibility of Lincoln, that the evidence should have been admitted.

The judgment should be reversed, and a new trial granted at circuit, costs to abide event.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

Ordered accordingly.